IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RONALD EUGENE SMITH, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO: 5:10-CV-325(HL) |
| | : | |
| MARC MANSFIELD; | : | |
| FRANCIS T. JARVIS; | : | |
| ASHLEY TODD CROSBY; | : | |
| GEORGIA BUREAU OF | : | |
| INVESTIGATION, | : | |
| | : | **ORDER** |
| Defendants | : | |

Plaintiff **RONALD EUGENE SMITH**, an inmate at Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff also sought leave to proceed *in forma pauperis*. The Court granted this motion but ordered that he pay an initial partial filing fee. Plaintiff has paid that fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer

or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### *III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS*

In January 2010, plaintiff was convicted of malic murder, felony murder, aggravated assault, possession of a firearm during the commission of a crime, possession of a firearm by a convicted felon, and tampering with evidence. Plaintiff maintains that his defense at trial was that the victim's death was accidental due to a malfunctioning rifle. However, the Georgia Bureau of Investigation ("GBI") report stated that the alleged murder weapon (Remington Model 742 Woodmaster 30-06 rifle) worked properly. According to plaintiff, GBI agents reached this result only because they sprayed "down the alleged murder weapon . . . with a lubricant before the weapon was tested." Plaintiff alleges that GBI agents Mansfield and Crosby failed to present exculpatory evidence and this denied him a fundamentally fair trial. Plaintiff states as follows: "Being that the weapon failed to work properly at the time of the accident, had the GBI agents not failed in preserving it, it would have proved the plaintiff's defense, and exonerated him of the crime of murder."

Plaintiff seeks damages, "removal of life sentence," to be "exonerated of . . . murder,"

3

and to have a new trial.

A change in sentence, exoneration, or the grant of a new trial are not remedies that are available in a 42 U.S.C. § 1983 action. ***Preiser v. Rodriquez***, 411 U.S. 475 (1973). These are remedies that can be obtained only through a 28 U.S.C. § 2254 habeas corpus action. However, prior to filing a habeas corpus in federal district court, plaintiff must first exhaust all available state court remedies. Following exhaustion, he may file a federal habeas corpus and seek to have his conviction and/or sentence set aside or otherwise modified.

This leaves plaintiff's claim for damages. However, any claims against the GBI and against the GBI agents in their official capacities must be dismissed. A state agency (the GBI in this case) and its agents, acting in their official capacities, are not suable persons under § 1983 for retrospective compensatory relief. ***Will v. Michigan Dept. of State Police***, 491 U.S. 58 (1989).

Therefore, plaintiff is left with a claim for damages against the GBI agents in their individuals capacities. However, this claim is barred by ***Heck v. Humphrey***, 512 U.S. 477 (1994). In ***Heck,*** the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

In other words, a prisoner cannot bring a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Such an action, if brought prior to invalidation of the conviction or sentence

4

challenged, must therefore be dismissed as premature. *Id.* at 2372.

In the case at bar, plaintiff's allegations that the agents withheld exculpatory evidence[1] and denied him a fundamentally fair trial, if proven, may invalidate his conviction or sentence. In fact, plaintiff even states that he would be exonerated of the crime of murder if defendants had not altered the weapon and then presented testimony that the weapon worked properly. Because plaintiff has not demonstrated that he has appealed his conviction in the state courts or that his conviction has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, ***Heck*** bars all of plaintiff's claims that would necessarily call into question his conviction or sentence. Plaintiff must return to the appropriate court and attempt to invalidate his conviction or sentence and, if he should succeed, he may then institute an action for damages under § 1983 in federal court.

Based on these findings, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 29th day of November, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb

---

[1] The Court also notes that to any extent plaintiff claims the GBI agents presented false testimony, the agents would have absolute immunity for any testimony given during the judicial proceedings. ***Briscoe v. LaHue***, 460 U.S. 325 (1983)(holding that witnesses, including police officers, are protected by absolute immunity, even if the witness gives perjured testimony).